**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

LARRY BRUCE THACKER and
CARLOTTA APPLEMAN THACKER,
as Trustees of the Thacker Family
Revocable Living Trust,

Appellants,

v. CASE NO. 5:15cv62-RH/GRJ

JOHN E. VENN, JR., TRUSTEE,

Appellee.

_______________________________________/

**OPINION ON APPEAL**

This bankruptcy appeal arises from the debtor's allegedly fraudulent transfers of property. A state court ruled, before the debtor filed the bankruptcy petition, that the transfers were fraudulent; the court set aside the transfers. The bankruptcy court ruled in an adversary proceeding, after the state court's ruling had been affirmed on appeal, that the state court ruling settled the issue. The debtor appeals, asserting he was entitled to an evidentiary hearing in the bankruptcy court on whether the transfers were fraudulent. I affirm.

I

The debtor, Larry Bruce Thacker, personally guaranteed a debt related to a business venture. There was a default on the debt, and the creditor, Vision Bank and eventually its successor in interest SE Property Holdings, LLC, sued Mr. Thacker in circuit court in Florida in August 2009. Vision Bank moved for summary judgment in January 2010. In February 2010, Mr. Thacker and his wife Carlotta Appleman Thacker transferred millions of dollars in assets to the Thacker Family Revocable Living Trust. In March 2010, the state court ruled for Vision Bank and adjudged Mr. Thacker personally liable for $1,959,688.81.

Vision Bank began proceedings supplementary in state court against the Thackers seeking to avoid the February 2010 transfers as fraudulent. The state court found the transfers constituted both actual and constructive fraud and ordered that various property transferred to the trust "shall revert back to the sole ownership and possession of Larry B. Thacker, in his personal and individual name." ECF 3-2 at 50. The Thackers, individually and as trustees, appealed that order in state court.

In the month following the state court's fraudulent-transfer order, Mr. Thacker filed a Chapter 7 bankruptcy petition.

In February 2014, Florida's First District Court of Appeal affirmed the state trial-court order without opinion. In July 2014, the bankruptcy trustee in Mr.

Thacker's case filed an adversary proceeding against the Thackers seeking a declaration that some of the property fraudulently transferred to the trust was part of the bankruptcy estate. Among other things, the adversary complaint sought to determine the rights in several pieces of real estate located in Georgia. The bankruptcy court granted summary judgment for the trustee, finding that the transfers avoided by the Florida court created a property interest in Mr. Thacker prior to his filing a bankruptcy petition and those interests were part of the bankruptcy estate under 11 U.S.C. § 541. The bankruptcy court also avoided certain of the defendants' interests under 11 U.S.C. §544.

The Thackers have appealed.

II

On an appeal from summary judgment, review is *de novo*. *See Chase & Sanborn Corp. v. Arab Banking Corp.* (*In re Chase & Sanborn Corp.*), 904 F.2d 588, 593 (11th Cir. 1990); Fed. Bankr. R. 8013.

III

All legal or equitable interests the debtor holds on the date the debtor files a Chapter 7 petition become part of the bankruptcy estate. *In re Bracewell*, 454 F.3d 1234, 1237 (11th Cir. 2006); 11 U.S.C. § 541(a)(1). "While the question of 'whether a debtor's interest constitutes "property of the estate" is a federal question . . . the nature and existence of the [debtor's] right to property is determined by

looking at state law. . . . When that state law determination is made, 'federal bankruptcy law [then] dictates to what extent that interest is property of the estate.'" *In re Builders Transp., Inc.*, 471 F.3d 1178, 1185 (11th Cir. 2006) quoting *In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989) (brackets in the original).

Property rights can be created in a variety of ways, usually by way of state law. A property right can be created by a deed, title, lease, trust, or by a state-court judgment. In this case, Mr. Thacker had a state-court judgment putting property in his name. This created a property right as concretely as a deed would. That state-court judgment was issued before Mr. Thacker filed for bankruptcy. Thus on the date of petition Mr. Thacker's property interest became part of the bankruptcy estate under 11 U.S.C. § 541.

The fact that the state-court order was subject to an appeal on the date of petition did not affect whether Mr. Thacker's interest in the property became part of the estate. Mr. Thacker's legal or equitable interest on the date of petition, no matter how tenuous, became part of the bankruptcy estate. *See, e.g.*, *In re Knight*, 164 B.R. 372, 374 (Bankr. S.D. Fla. 1994) (holding that the debtor's contingent one-half interest in the corpus of a trust of which his mother was life beneficiary was included in "property of estate" under 11 U.S.C. § 541(a)(1)); *In re Alvarez*, 224 F.3d 1273, 1279 (11th Cir. 2000) (holding the debtor's malpractice suit against

his own bankruptcy attorney was part of the estate under § 541(a)(1)) ("'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.").

IV

The bankruptcy court also applied collateral estoppel to the state-court fraudulent-transfer order. Whether collateral estoppel is available is a mixed question of law and fact in which the legal issues predominate, subject to *de novo* review. The actual decision whether to apply collateral estoppel requires consideration of equitable considerations, subject to review under an abuse-of-discretion standard. *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).

The Thackers argue that the bankruptcy court should have conducted an evidentiary hearing and made its own factual findings instead of relying on the state court's order.[1] Federal courts give preclusive effect to the judgment of a state court when (1) the courts of the state from which the judgment emerged would do so themselves, and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process. *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1329 (11th Cir. 2003). Under Florida law, collateral estoppel requires "the parties and issues

[1] The appellants argue that the Rooker-Feldman doctrine did not prevent the bankruptcy court from reconsidering their fraudulent transfer claims. The Rooker-Feldman doctrine is inapposite, and was not apparently applied by the bankruptcy court judge in the case on appeal. The bankruptcy court applied issue preclusion, and opined the state court order was entitled to full faith and credit in federal court.

be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977). For the parties to be considered identical, the parties must be the same, must be in privity, or must have been virtually represented by a party to the first lawsuit. *Stogniew v. McQueen*, 656 So. 2d 917, 920 (Fla. 1995).

The parties in this case are legally the same as the parties in the state court action. The defendants in the bankruptcy court adversary proceeding, the Thackers, were party to the state court action. Ms. Thacker was an original party to the supplementary proceedings as co-trustee of the family trust, but she argues she was not party individually. Ms. Thacker received service of process on an order to show cause, and appeared at a hearing to respond, both individually and as trustee. This is exactly the required procedure for impleading third parties to proceedings supplementary on fraudulent transfers. *See, e.g.*, *Exceletech, Inc. v. Williams*, 579 So. 2d 850, 851 (Fla. 5th DCA 1991) opinion approved, 597 So. 2d 275 (Fla. 1992). The Thackers had a full and fair opportunity to litigate their claims in the state proceedings.

The plaintiff in the state-court action was Vision Bank, and eventually its successor in interest SE Property Holdings, LLC, as Mr. Thacker's judgment creditor. The plaintiff in the bankruptcy adversary proceeding was John Venn as

bankruptcy trustee in Mr. Thacker's Chapter 7 bankruptcy. Under Florida law, the bankruptcy trustee can stand in the shoes of creditors for the purpose of collateral estoppel. *See Thompson v. Liles*, 769 So. 2d 474, 475 n.1 (Fla. 5th DCA 2000) (holding bankruptcy trustee and creditor were interchangeable in a fraudulent conveyance action for purposes of res judicata). "Both the creditors and the bankruptcy trustee have an interest in recovering all possible assets of the debtor, for the benefit of the debtor's estate and his creditors." *Id.* For the purposes of collateral estoppel, the parties in the state court action were the same as the parties before the bankruptcy court action on appeal.

The issues before the bankruptcy court and the state court were also identical: whether specific transfers were avoided as fraudulent. The Thackers fully litigated the issue, and it was determined in a final decision of a court of competent jurisdiction; the transfers were fraudulent. The bankruptcy court properly gave collateral-estoppel effect to the state-court order.

V

The Thackers make several arguments that do not change the result.

First, the Thackers argue that the property in question could not become property of the estate because the trustee did not avoid the transfers using his avoidance powers under 11 U.S.C. §544. That is not what happened. The transfers were avoided before the bankruptcy petition; Mr. Thacker's interest in the

property thus became part of the estate from the outset. There was no need for the trustee to avoid the transfers, because the Florida courts had already decided the rights to the properties in question.

Second, the Thackers argue that the bankruptcy court should not have relied on the Florida court order because the court lacked subject-matter jurisdiction to decide rights to real estate in other states. But the Florida court had in personam jurisdiction over the parties and could decide their rights. The Thackers litigated (and lost) the issue of whether the transfers of the out-of-state property were avoidable by the Florida court. *See Marshall v. Marshall*, 547 U.S. 293, 297 (2006), citing *Durfee v. Duke*, 375 U.S. 106 (1963) ("[A] state court's final judgment determining its own jurisdiction ordinarily qualifies for full faith and credit, so long as the jurisdictional issue was fully and fairly litigated in the court that rendered the judgment."). The Thackers lost this issue in state court.

Third, the Thackers argue the bankruptcy court should have applied Georgia law and Tennessee law to the property located in those states. The Florida court voided transfers of property in Florida, Georgia, and Tennessee, but the bankruptcy court ruled on real estate only in Florida and Georgia. In any case, this amounts to a claim that the Florida court used the wrong choice of law. The law in Florida and Georgia are the same in relevant respects, and in any event this is an assertion

that the Florida decision was wrong on the merits—not a basis for refusing to apply collateral estoppel.

The Florida court applied Florida's version of the Uniform Fraudulent Transfer Act. *See Fla. Stat.* § 726.101. Specifically, the Florida state court found eight different badges of fraud under Section 726.105. These badges of fraud were that (a) transfer was made to an insider; (b) the debtor retained possession or control of the property after the transfer; (d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (e) the transfer was of substantially all the debtor's assets; (g) the debtor removed or concealed assets; (h) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and (j) the transfer occurred shortly before or shortly after a substantial debt was incurred. The court found these badges of fraud, taken together, conclusively demonstrated both actual and constructive fraud.

Georgia has also adopted its version of the Uniform Fraudulent Transfers Act, known as the Uniform Voidable Transactions Act as of July 1, 2015. Ga. Code Ann. § 18-2-70 (West). "[I]n 2002 the General Assembly [of Georgia] enacted an additional tool for the detection, prevention, and remediation of fraudulent transfers, the Georgia UFTA, which is modeled on the Uniform

Fraudulent Transfer Act promulgated by the National Conference of Commissioners on Uniform State Laws and adopted in various forms by 43 states and the District of Columbia." *Bishop v. Patton*, 288 Ga. 600, 606, 706 S.E.2d 634, 639 (2011) disapproved of on other grounds by *SRB Inv. Services, LLLP v. Branch Banking & Trust Co.*, 289 Ga. 1, 709 S.E.2d 267 (2011). Because of the uniform nature of the law, and "the dearth of Georgia decisions construing the provisions of the Georgia UFTA, [Georgia courts] look to the decisions of other jurisdictions for guidance." *Truelove v. Buckley*, 733 S.E.2d 499, 501 (Ga. Ct. App. 2012) (applying North Dakota precedent). Florida's and Georgia's versions of the Uniform Fraudulent Transfer Act are identical in all relevant respects. *Compare* Ga. Code § 18-2-74 *with Fla. Stat.* § 726.105.

Fourth, the Thackers argue the state court erred in returning property to Mr. Thacker's name alone, because some of the avoided transfers were made by the Thackers as joint tenants by the entireties. Instead of the properties reverting to the form of ownership they had before the transfer, the state court ordered that the properties reverted to Mr. Thacker's sole ownership.

The state-court order did not fully explain this part of the decision. The state court may have found that property was originally held solely by Mr. Thacker and that his earlier transfers to himself and Ms. Thacker as joint tenants were themselves fraudulent. *See e.g. In re Miller*, 188 B.R. 302, 306-07 (Bankr. M.D.

Fla. 1995) (finding transfers from the debtor to himself and his wife in tenancy by the entireties were voidable fraudulent transfers). Nothing in this record casts doubt on such a view. But it would not matter in any event; the Thackers litigated and lost this issue in state court. *See Cmty. Bank of Homestead v. Torcise*, 162 F.3d 1084, 1087 (11th Cir. 1998) (holding that collateral estoppel required a bankruptcy court to accept a state-court decision even though it may have been wrong).

Fifth, after entry of the state-court judgment, the Thackers asserted the state judge should have disqualified himself. The judge rejected the contention, and the Thackers appealed. The appeal was pending when the bankruptcy court gave preclusive effect to the state-court fraudulent-transfer ruling. But the pendency of a motion to set aside a judgment does not preclude the application of collateral estoppel. And the appeal now has been resolved against the Thackers. This is yet another issue that the Thackers litigated and lost in state court.

VI

The state court avoided Mr. Thacker's fraudulent transfers. At least insofar as shown by this record, the ruling was correct. Even more clearly, the ruling was and is binding. The bankruptcy court's decision is affirmed.

SO ORDERED on March 31, 2016.

s/Robert L. Hinkle
United States District Judge